IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JEFFERY D. MILNER, M.D., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:20-cv-261-RAH [WO] |
| BAPTIST HEALTH MONTGOMERY, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Jeffery D. Milner, M.D. brings this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, and the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b, against his former employer, The Healthcare Authority of Baptist Health, an affiliate of UAB Health Systems and Team Health Holdings, Inc.[1] Baptist moves to dismiss under Rule 12(b)(6). (Doc. 48.) The issues are fully briefed and ripe for review. The Court finds Milner's claims are barred by the doctrine of res judicata and therefore Baptist's motion to dismiss is due to be granted.[2]

[1] Defendants state that Plaintiff has incorrectly identified them. (Doc. 48 at 6 n.1.) For simplicity purposes, the Court will refer to the Defendants as Baptist.

[2] In addition to Baptist's motion to dismiss, before the Court are Milner's *Motion for Leave to Conduct Limited Expedited Discovery Directed Toward the Investigative Findings of the United*

## JURISDICTION AND VENUE

The Court has jurisdiction over Milner's claims pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction, nor do they dispute that venue is proper in the Middle District of Alabama. The Court finds adequate allegations to support the propriety of both jurisdiction and venue.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

---

*States* (Doc. 51), *Motion for Leave to Amend Complaint* (Doc. 51), *Motion for Immediate Entry of Judgment as to Liability Against Defendants to the Extent that Defendants Admit that They Orchestrated and Directed a Scheme to Defraud the United States Using Fake Opioid Pill and Injection Prescriptions* (Doc. 58), and *Motion for Finding of Fact* (Doc. 60). Milner's motions are due to be denied as moot as a result of the Court's ruling on Baptist's motion to dismiss.

experience and common sense." *Id.* at 679. But if the facts in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief,'" and the complaint must be dismissed. *Id.* (alteration adopted) (citing Fed. R. Civ. P. 8(a)(2)).

## FACTUAL ALLEGATIONS

From May 2014 to 2017, Milner was employed by Baptist as a contract medical provider in the emergency room at Baptist's medical facility located in Prattville, Alabama. (Doc. 1 at 5.) According to Milner, "doctors at Prattville Baptist were coerced to overprescribe opioids or risk retaliation which could lead to [their] termination" and Baptist officials influenced emergency physicians to "prescribe pain and psychotropic drugs and injections" during patient visits, "many of which were not medically necessary, to patients with probable opioid addictions[.]" (*Id.* at 17.) Baptist then, according to Milner, submitted allegedly fraudulent Medicaid and Medicare reimbursement requests for those drugs and injections. (*Id.* at 15, 17.) Milner "reported the [alleged] opioid fraud to the [D]efendants between May 2014 [and] May 2017[.]" (*Id.* at 16.) He was terminated on December 18, 2017. (Doc. 48-2 at 6.)

On December 17, 2019, four months prior to filing the present action, Milner filed his first lawsuit under the FCA against Baptist, and several others, in the United

States District Court for the Northern District of Alabama. In that case, he asserted that Baptist retaliatorily terminated his employment in violation of the anti-retaliation provisions of the FCA for reporting Baptist's fraudulent billing practices to hospital administrators. *See Milner v. Team Health (Milner I)*, No. 2:19-cv-2041-GMB, 2020 WL 5658903, at *1–3 (N.D. Ala. Sept. 23, 2020). Milner also brought a number of other state-law based employment claims. *Id.* The *Milner I* court ultimately dismissed with prejudice Milner's federal FCA claims and his state-law claims without prejudice. *Id.* at 1, 9.

Milner thereafter re-filed his state-law claims in the Circuit Court of Jefferson County, Alabama. *See Milner v. Team Health, et al.*, No. 01-cv-2020-903497 (Ala. Cir. Ct. Jefferson Cnty. Apr. 30, 2022). (*See also* Doc. 50.) Those claims were dismissed, and the dismissals were recently affirmed on appeal by the Alabama Supreme Court. *Milner, et al. v. Southeast ER Phys., PA, et al.*, No. SC-2022-0755 (Ala. 2023); (*See* Doc. 50-1.)

On April 16, 2020, Milner filed this action against Baptist under the *qui tam* provisions of the FCA and the anti-kickback statute to recover money damages due to Baptist's allegedly fraudulent Medicare and Medicaid reimbursement practices. (Doc. 1 at 17–20.) On September 12, 2022, the United States of America declined to intervene in this lawsuit. (Doc. 21.) Baptist then moved to dismiss Milner's Complaint. (Doc. 48 at 22.)

## DISCUSSION

Baptist seeks dismissal for a host of reasons, but the Court concludes that Baptist's res judicata argument is dispositive.[3] Milner opposes dismissal on this basis, saying that the "parties to and the substantive claims of the Milner personal lawsuits were different than this action[.]" (*Id.* at 26.)

The doctrine of res judicata "protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions" after a party had a "full and fair opportunity to litigate" her claims. *Montana v. United States*, 440 U.S. 147, 153–54 (1979). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)).

---

[3] Baptist asks the Court to consider matters outside the pleadings, namely, court orders and filings from other cases. While the filing of evidentiary materials or documents generally converts a motion to dismiss into one for summary judgment, courts may consider documents in support of a motion to dismiss when they are central to the claims in the complaint and their authenticity is undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Additionally, courts are free to consider their own dockets and opinions and may consider documents filed in other judicial proceedings for the purpose of noting the subject matter of the litigation and the issues that were decided, including matters of *res judicata*. *See* Fed. R. Evid. 201(b); *Desisto v. City of Delray Beach*, 618 F. App'x 558, 560 (11th Cir. 2015); *McDowell Bey v. Vega*, 588 F. App'x 923, 926–27 (11th Cir. 2014); *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013). As such, the Court takes judicial notice of the pleadings and orders filed in the related cases, which Baptist also attaches as exhibits to its motion to dismiss.

In the Eleventh Circuit, "a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id*.

The parties agree that the Northern District of Alabama is a court of competent jurisdiction and that it rendered a final judgment in *Milner I* due to that court's dismissal with prejudice of Milner's federal FCA claims. *See Citibank*, 904 F.2d at 1501. The parties disagree on the remaining two res judicata elements.

Milner contends the United States of America's interest in the present *qui tam* action—as it is in all *qui tam* actions—defeats Baptist's res judicata argument because the parties are not identical in both suits. (Doc. 51 at 27.) Milner's argument is foreclosed by the Eleventh Circuit's decisions in *Ragsdale* and *Shurick v. Boeing Co.*, 623 F.3d 1114 (11th 2010). In *Ragsdale*, for example, the Eleventh Circuit, held that res judicata barred a whistleblowing employee's FCA retaliatory termination suit brought after his previous FCA *qui tam* suit had been settled and dismissed because the parties were sufficiently identical even though the United States of America was never a party and had no interest in the FCA retaliation suit. 193 F.3d at 1238.

Here, the United States of America, although a party in interest, expressly declined to intervene in this action and therefore has never been a party. As such, Baptist and Milner were both named parties in *Milner I* and both named parties in this action, although Milner's representative interest in this action is somewhat different than his personal interest in *Milner I*.

Milner attempts to distinguish *Ragsdale* with several out-of-circuit decisions, *see, e.g.*, *United States ex rel. Jones & Wert Constr. Specialties, Inc. v. Straub Constr., Inc.*, No. 10-CV-1415, 2013 WL 4883152, at *2 (S.D. Cal. Sept. 12, 2013) (citing *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009); *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 336 F.3d 346, 357 (5th Cir. 2003), *abrogated on other grounds by Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 472 (2007)), where courts have refused to apply the res judicata doctrine in similar FCA actions due to the dissimilarity of the interests at issue. In the absence of *Ragsdale* and *Shurick*, the logic in these decisions has initial appeal. But no matter how compelling and persuasive their logic may be, those decisions have no precedential effect on this Court since this Court is obligated to follow the Eleventh Circuit's guidance in *Ragsdale* and *Shurick*. As such, the Court concludes that Baptist has sufficiently shown that the parties in the two actions are identical for res judicata purposes.

This leaves the fourth element, whether this case and *Milner I* present the same cause of action. "[T]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239 (quoting *Citibank*, 904 F.2d at 1503). "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* As the Eleventh Circuit stated, a court must "look to the factual issues to be resolved [in the present action], and compare them with the issues explored in" the previous one. *Id.* In doing so, a court must consider whether the factual issues to be resolved arose "out of the same transaction or series of transactions" and whether the plaintiff could or should have brought his *qui tam* action when he brought his retaliation claim. *Id.*

A fair reading of the Complaint here and the complaint and judicial opinion in *Milner I* clearly show that Milner's retaliation claim in *Milner I* was "based upon the same factual predicate" and arose "out of the same nucleus of operative fact" as his *qui tam* action here. Milner alleged in both actions that he had reported "opioid fraud to the [D]efendants between May 2014 [and] May 2017[.]" (Doc. 1 at 16.) And that "doctors at Prattville Baptist were coerced to overprescribe opioids," (*id.*)

"many of which were not medically necessary, to patients with probable opioid addictions[,]" (*id.* at 17) "or risk retaliation which could lead to . . . termination," (*id.* at 16). Both cases "grew out of a common nucleus of operative fact: [Defendants allegedly] engaged in illegal conduct and [Milner's] discovery of that conduct [purportedly] led to his discharge, a series of transactions closely related in time, space, and origin." *Ragsdale*, 193 F.3d at 1240 (citing *Citibank*, 904 F.2d at 1503; Restatement (Second) of Judgments § 24(2) (1980)).

Milner argues he had to file *Milner I* before filing his *qui tam* action because the statute of limitations had nearly run on his employment and retaliation claims. (Doc. 51 at 28.) As Milner states in his response, in the Eleventh Circuit, "for res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." *Ragsdale*, 193 F.3d at 1240 (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992)). Milner's argument is unpersuasive, as the facts underlying this *qui tam* action existed at the time he filed *Milner I*. As such, he could have brought his *qui tam* claims at the same time he filed his retaliation claim in *Milner I*, but he did not.

Furthermore, as *Ragsdale* guides, the sequence in which the FCA retaliation and *qui tam* actions arose are immaterial to the operation of res judicata here. In

*Ragsdale*, the FCA *qui tam* action preceded the FCA retaliation action, and the reverse is true in this case. Applying a distinction would merely serve to laud form over substance, and the Court refuses to do so.

The Court finds the Complaint is barred by the doctrine of res judicata. *Ragsdale* and *Shurick* compel this outcome. Accordingly, Baptist's motion to dismiss is due to be granted and the Complaint is due to be dismissed with prejudice as to Milner and without prejudice as to the United States of America. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1057 (11th Cir. 2015); *United States ex rel Olsen v. Lockheed Martin Corp.*, No 1:09-CV-3083, 2010 WL 11512336, at *6 (N.D. Ga. Sept. 17, 2010) ("Motions to dismiss claims in a *qui tam* action in which the United States has declined to intervene generally are without prejudice to the United States."). To allow Milner to proceed here "would permit future *qui tam* plaintiffs strategically to sever their claims in the hope of obtaining a second bite at the apple, should their first action prove unsuccessful. This is textbook res judicata." *Ragsdale*, 193 F.3d at 1240.

**CONCLUSION**

Accordingly, it is hereby ORDERED as follows:

1. The *Defendants' Joint Motion to Dismiss Complaint* (Doc. 48) is **GRANTED**. Plaintiff-relator's Complaint (Doc. 1) is **dismissed with prejudice** as to Jeffery D. Milner, M.D. and **without prejudice** as to, and not affecting any

interest of, the United States of America in this matter.

2. Plaintiff-relator's *Motion for Leave to Conduct Limited Expedited Discovery Directed Toward the Investigative Findings of the United States* (Doc. 51), *Motion for Immediate Entry of Judgment as to Liability Against Defendants to the Extent that Defendants Admit That They Orchestrated and Directed a Scheme to Defraud the United States Using Fake Opioid Pill and Injection Prescriptions* (Doc. 58), *Motion for Finding of Fact* (Doc. 60), and any other motions are **DENIED** as moot.

**DONE** on this the 6th day of September 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE